UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SHORT STAFFED INC.,<br><br>Defendant. | 4:25-CV-04129-ECS<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND § 1915 SCREENING FOR DISMISSAL |

On July 15, 2025, Charles Ray Johnson filed a pro se Complaint against Short Staffed Inc. for discrimination by race and retaliation for protected conduct. Doc. 1. Mr. Johnson seeks $80,000 and injunctive relief in the form of ordering Short Staffed to discuss with Mr. Johnson its new policies for obtaining employment. Cf. id.

I.  **Motion for Leave to Proceed In Forma Pauperis**

Mr. Johnson moves for leave to proceed in forma pauperis. Doc. 3. "A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit." Hinton v. Collet (Bishop Dudley Hosp. House), No. 4:24-CV-04181-ECS, 2025 WL 775531, at *1 (D.S.D. Mar. 11, 2025) (citing 28 U.S.C. § 1915(a)(1)); Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1034 (8th Cir. 1994). Doing so ensures "that indigent persons will have equal access to the judicial system." Greaser v. Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (citation omitted).

In forma pauperis status is a privilege, and the decision whether to grant it "is within the sound discretion of the trial court." Hinton, 2025 WL 775531, at *1 (citing Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987) and quoting Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983)). An applicant qualified to proceed in forma pauperis because of his economic status, but he need not "demonstrate absolute destitution." Id. (quoting Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000)); Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam).

After review of Mr. Johnson's application, Doc. 3, this Court finds he has insufficient funds to pay the filing fee. Mr. Johnson's motion for leave to proceed in forma pauperis, Doc. 3, is granted.

## II.    Section 1915 Screening

"When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)." Hinton, 2025 WL 775531, at *1 (citing Martin-Trigona, 691 F.2d at 857). "The Court must dismiss if it determines that 'the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" Infante v. Wagner Holding Tr., No. 3:25-CV-03019-ECS, 2025 WL 2650145, at *3 (D.S.D. Sept. 16, 2025) (quoting § 1915(e)(2)(B)).

To state a claim on which relief may be granted means to include in a complaint sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). If that bar is met, the "well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). That is because at this stage in the litigation, the Court assumes as true all facts well-pleaded in the complaint. Gunn v. Stearns, No. 4:25-CV-04034-ECS, 2025 WL 2416132, at *2 (D.S.D. Aug 21, 2025) (citing Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995)).

The Court does not assume as true "legal conclusion[s] couched as . . . factual allegation[s]." Papasan v. Allain, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a claim cannot survive. Id. (citation modified). This standard applies in equal force to pro se plaintiffs. Gunn, 2025 WL 2416132, at *2 (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)). In considering whether Johnson has stated a claim upon which relief may be granted, the court may look to "documents necessarily embraced by the complaint." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (citing Enervations, Inc. v. Minn. Min. & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004)).

### A. Racial Discrimination

The Court understands Johnson's first argument as Short Staffed will not hire Johnson because of racial discrimination. The Court construes Johnson's claim under 42 U.S.C. § 1981, which "prohibits racial discrimination in 'all phases and incidents' of a contractual relationship." Gregory v. Dillard's, Inc., 565 F.3d 464, 468 (8th Cir. 2009) (quoting Rivers v. Roadway Express, Inc., 511 U.S. 298, 302 (1994)). The four elements of a § 1981 claim are "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3)

engagement in a protected activity, and (4) interference with that activity by the defendant." Id. at 469.

The facts Johnson pleads are that Short Staffed enforced the no-contact agreement signed by the parties in an earlier case. Cf. id. at 1–2; see Johnson v. Patel, No. 4:23-CV-04160-ECS, ECF No. 12-1, ¶ 17 ("**NO CONTACT**. [Johnson] hereby agrees that he will never contact Short Staffed again with regards to the subject of this matter or to seek any services or employment from Short Staffed."); ECF No. 14 (this Court approving settlement). Johnson ignored this agreement and sought employment from Short Staffed; he was told to leave the property, or the police would be called. Doc. 1 at 2. Johnson states that he thought the agreement was void because the lawyer who drafted it was terminated for drafting it but then rehired at a better pay rate. Id. at 1–2. Johnson states that this alleged firing / rehiring led him to believe that Short Staffed instead agreed to pay him $80,000 so long as he came back to work. Id. Not only are these facts nonsensical, but they also fail to plead membership in a protected class (Johnson's race). Johnson does not reference race at all, aside from asserting a claim for racial discrimination. See generally Doc. 1. The claim of "racial discrimination" is merely a legal conclusion, which cannot survive § 1915A screening. Iqbal, 556 U.S. at 679. The racial discrimination claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Retaliation for Engaging in Protected Activity**

Because Short Staffed enforced the no-contact agreement, Johnson also alleges "retaliation for engaging in a protected activity." Doc. 1 at 1. The Court construes this claim as arising under 42 U.S.C. § 1981. A Section 1981 retaliation claim begins with the plaintiff's engagement in a protected activity. Gacek v. Owens & Minor Distrib., 666 F.3d 1142, 1146 (8th

Cir. 2012) (citations omitted). A protected activity under § 1981 is an opposition to a discriminatory employment practice. Warren v. Kemp, 79 F.4th 967, 974 (8th Cir. 2023). Contacting a company that one legally agreed to never contact again is not a protected activity. The claim of "retaliation for engaging in a protected activity" is merely a legal conclusion, which cannot survive a § 1915A screening. Iqbal, 556 U.S. at 679. The retaliation for engaging in a protected activity claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   Order

For the above reasons, and the record as it now exists before the Court, it is hereby:

ORDERED that Johnson's Motion for Leave to Proceed In Forma Pauperis, Doc. 3, is granted. It is further

ORDERED that this suit is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). It is finally

ORDERED that Johnson's Motion to Appoint Counsel, Doc. 4, is denied as moot.

   DATED this 16th day of December, 2025.

                                             BY THE COURT:

                                             _____
                                             ERIC C. SCHULTE
                                             UNITED STATES DISTRICT JUDGE